

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 4:20-cr-64 |
| v. | 18 U.S.C. §§ 1343 and 2<br>Wire Fraud<br>(Counts 1–3) |
| BRENDEN EVERETTE-PIERRE JEFFERSON, | |
| Defendant. | 18 U.S.C. §§ 641 and 2<br>Theft of Government Property<br>(Count 4) |
| | 18 U.S.C. §§ 1014 and 2<br>False Statements to Small Business Administration<br>(Counts 5–8) |
| | 18 U.S.C. §§ 1344 and 2<br>Bank Fraud<br>(Count 9) |
| | 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(2)(A)<br>Asset Forfeiture |

### INDICTMENT

October 2020 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all relevant times:

1. The United States Small Business Administration (SBA) is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enables and provides for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees. In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

3. One of these new programs is an expansion of an existing disaster-related program – the Economic Injury Disaster Loan (EIDL) – to provide for loan assistance (including up to $10,000 in advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds can be used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds are not intended to replace lost sales or profits or for expansion of a business.

4. Unlike certain other types of SBA-guaranteed loans, EIDL funds are issued directly from the United States Treasury and applicants apply through the SBA via an online portal and application. The EIDL application process, which also uses certain outside contractors for system support, collects information concerning the business and the business owner, including: information as to the gross revenues for the business prior to January 31, 2020; the cost of goods sold; and information as to any criminal history of the business owner. Applicants electronically certify that the information provided is accurate and are warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

5. On or about June 22, 2020, BRENDEN EVERETTE-PIERRE JEFFERSON, the defendant herein (hereinafter "JEFFERSON"), aided and abetted by others, electronically applied for an EIDL (loan number ending in 8008) using the company name of "Brendon Jefferson," with a trade name of Jefferson, described as a sole proprietorship. JEFFERSON

aided and abetted by others, claimed that the business was located at his home address of 3 Jordan Drive, Hampton, Virginia 23666.

6. JEFFERSON, aided and abetted by others, further claimed to have opened this business on January 24, 2017, and listed it as involved in the legal services business with seven (7) employees. JEFFERSON, however, did not register "Brendon Jefferson" as a sole proprietorship with the Virginia State Corporation Commission.

7. Based on his EIDL application, JEFFERSON was offered loan proceeds of $18,000 and a grant of $7,000 – that is, a $1,000 grant for each of the seven (7) employees he purportedly employed. JEFFERSON, aided and abetted by others, provided his personal social security number (SSN) on the application. JEFFERSON falsely claimed that his business had received $50,000 in gross revenue in the twelve (12) months preceding January 31, 2020.

8. JEFFERSON, aided and abetted by others, also falsely denied having been convicted, pleaded guilty, pleaded nolo contendere, placed on pretrial diversion, or placed on any form parole or probation within the last five years. In fact, however, JEFFERSON was in the middle of serving two terms of court-supervised probation for state felony convictions from the Cities of Portsmouth and Chesapeake, Virginia.

9. Following the submission of this EIDL application, JEFFERSON, aided and abetted by others, signed a Loan Authorization and Agreement and other associated documentation on or about June 25, 2020. This agreement contained certifications that all representations in the EIDL application were "true, correct and complete and are offered to induce SBA to make this Loan[,]" and contained warnings of penalties for misapplication of proceeds and false statements or misrepresentations to the SBA.

10. JEFFERSON has maintained a personal bank account (last four digits 4003) at Bayport Federal Credit Union since at least November 15, 2019. He listed his occupation as "MATERIAL HANDLER" on the signature card for the account.

11. In or about June and July 2020, JEFFERSON received regular salary direct deposits from Smithfield Foods in his personal bank account with Bayport Federal Credit Union.

12. Bayport Federal Credit Union is a credit union insured by the National Credit Union Share Insurance Fund.

13. On or about June 26, 2020, JEFFERSON received an $18,000 wire transfer from the United States Treasury for the EIDL (ending in 8008). The $18,000 proceeds, which were routed electronically in interstate commerce, were deposited into JEFFERSON's personal checking account at Bayport Federal Credit Union in the Eastern District of Virginia.

14. On the same day, June 26, 2020, JEFFERSON withdrew $5,000 in cash and made several purchases at retailers from his personal account (last four digits 4003) at Bayport Federal Credit Union.

15. On or about July 7, 2020, JEFFERSON received another $7,000 wire transfer from the United States Treasury. These funds were the proceeds of an Economic Injury Disaster Grant (EIDG) and were transferred to JEFFERSON as a result of his representation on his EIDL application that his business employed seven people. The $7,000 proceeds, which were routed electronically in interstate commerce, were deposited into JEFFERSON's personal checking account at Bayport Federal Credit Union in the Eastern District of Virginia.

16. Between on or about June 26, 2020 and July 8, 2020, JEFFERSON spent or otherwise withdrew $11,143.54 of the funds deposited by the United States Treasury into his personal account at Bayport Federal Credit Union.

17.     On or about July 8, 2020, Bayport Federal Credit Union froze the remaining $13,856.46 in JEFFERSON's account because of suspected fraud.

18.     After the funds were frozen, JEFFERSON called Bayport Federal Credit Union to inquire about the status of his account. The call was transferred to the Fraud Department. When asked about his business, JEFFERSON said the EIDL and EIDG proceeds were for his barbershop, "Exclusive Cuts," in Chesapeake, Virginia. JEFFERSON represented that his business was a Limited Liability Corporation (LLC), but he was also a sole proprietor. JEFFERSON did not know the address for his own business, but promised to send documentation of the business to the bank by email in short order.

19.     On or about the evening of July 8, 2020, JEFFERSON sent the Fraud Department at Bayport Federal Credit Union an email with the subject line, "Receipt." It contained no other text, but included an image of a "Municipal Business Fee Receipt" from the City of Portsmouth, Virginia, for a business, "Exclusive Cuts and Styles." The owner/officer was listed as "Brenden Jefferson."

20.     JEFFERSON is not currently and has never been an owner or officer of Exclusive Cuts and Styles. The owner registered with the Virginia State Corporation Commission is R.J. He has owned the business for over fifteen years and does not know JEFFERSON.

21.     On or about July 9, 2020, JEFFERSON called the Fraud Department at Bayport Federal Credit Union and reported that he was a "victim of fraud" who "lost his wallet." He said that someone must have applied for a loan in his name, but admitted to withdrawing and otherwise spending the proceeds for himself.

## SCHEME AND ARTIFICE

22.     From on or about at least June 22, 2020 to at least in or about July 2020, in the Eastern District of Virginia and elsewhere, BRENDEN EVERETTE-PIERRE JEFFERSON, the

defendant herein, devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and omissions.

23. It was part of the scheme and artifice that JEFFFERSON, aided and abetted by others, sought to fraudulently obtain disaster-related benefits in the form of an SBA-sponsored Economic Injury Disaster Loan (EIDL) and a related Economic Injury Disaster Grant (EIDG).

24. It was further part of the scheme and artifice that JEFFERSON, aided and abetted by others, submitted an application to the EIDL program that contained false statements, misrepresentations, and omissions related to the defendant's income, employment, claimed business entities, and his prior criminal record.

25. It was further part of the scheme and artifice that JEFFERSON, aided and abetted by others, falsely attested on the aforementioned loan applications that the information presented was true and accurate.

26. It was further part of the scheme and artifice that JEFFERSON received $25,000 in his personal bank account from the United States Treasury – representing $18,000 in EIDL proceeds and $7,000 in EIDG proceeds.

27. It was further part of the scheme and artifice that JEFFERSON misapplied the EIDL and EIDG proceeds for purposes unrelated to those authorized by the United States Small Business Administration.

28. It was further part of the scheme and artifice that JEFFERSON attempted to spend the majority of the funds within days of receipt.

29. It was further a part of the scheme and artifice that JEFFERSON, aided and abetted by others, caused the transmission of information and funds by wire between the Eastern District of Virginia and locations outside of the Commonwealth of Virginia.

30. It was further part of the scheme and artifice that JEFFERSON made materially false representations, promises, and omissions to enrich himself in an attempt to fraudulently divert and misappropriate for his own use and benefit money within the custody and control of Bayport Federal Credit Union.

31. It was further part of the scheme and artifice that JEFFERSON – by means of materially false and fraudulent pretenses, representations, and promises – submitted fabricated documentation to Bayport Federal Credit Union that he was the owner and operator of the barbershop, "Exclusive Cuts," in order to convince the bank to unfreeze the funds in his account.

32. It was further part of the scheme and artifice that the defendant falsely claimed he had been a "victim of fraud" and that someone else must have applied for a loan in his name, and without his authorization, in order to conceal his own misdeeds.

## COUNTS ONE THROUGH THREE
(Wire Fraud)

THE GRAND JURY CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about the dates and in connection with the transactions described below, BRENDEN EVERETTE-PIERRE JEFFERSON, the defendant herein, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false, fraudulent, and fictitious pretenses, representations, and promises, as described in paragraphs 22 to 32 above and incorporated herein by reference, and, for the purpose of executing the aforesaid and fraudulent pretenses, representations, and promises, in the Eastern District of Virginia and communication in interstate commerce, the following certain signs, signals, and sounds: to wit, the following application for an Economic Injury Disaster Loan (EIDL) and the wire transfers of funds to/from/through a location within the Eastern District of Virginia to/from/through a location outside of the Commonwealth of Virginia.

| Count | Date (on or about) | Description of Wire Transmission |
|---|---|---|
| 1 | 6/22/2020 | JEFFERSON, aided and abetted by others, submitted an EIDL application to the SBA for his purported sole proprietorship (loan number ending in 8008) that contained false statements, misrepresentations, and omissions related to his business, employment, income, and background. |
| 2 | 6/26/2020 | JEFFERSON received the loan proceeds (EIDL ending in 8008) in the amount of $18,000 into his personal bank account with Bayport Federal Credit Union (last four digits 4003). |
| 3 | 7/7/2020 | JEFFERSON received the grant proceeds (EIDL ending in 8008) in the amount of $7,000 into his personal bank account with Bayport Federal Credit Union (last four digits 4003). |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
(Theft of Government Property)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. Between on or about June 26, 2020, and July 7, 2020, in the Eastern District of Virginia and elsewhere, BRENDEN EVERETTE-PIERRE JEFFERSON, the defendant herein, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, having devised the scheme and artifice described in Paragraphs 22 to 32 above and incorporated herein by reference, willfully and knowingly did steal, purloin, and convert to his use without authority, money aggregating in excess of $1,000.00 belonging to the United States of America, to wit, approximately $25,000.00 in Economic Injury Disaster Loan (EIDL) and Economic Injury Disaster Grant (EIDG) assistance provided by the United States Small Business Administration via the United States Treasury, in response to the COVID-19 outbreak, which the defendant was not entitled to receive.

(In violation of Title 18, United States Code, Sections 641 and 2.)

## COUNTS FIVE THROUGH EIGHT
(False Statements to the Small Business Administration)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about the dates and in connection with the loan applications set forth below, in the Eastern District of Virginia and elsewhere, BRENDEN EVERETTE-PIERRE JEFFERSON, the defendant herein, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, knowingly made or caused to be made false statements and reports for the purpose of influencing the Small Business Administration (SBA) and SBA-preferred financial entity and lender, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, as follows:

| Count | Date (on or about) | False Statement |
|---|---|---|
| 5 | 6/22/2020 | JEFFFERSON, aided and abetted by others, claimed he had not been placed on any form of parole or probation within the last five years on his loan application to the SBA. |
| 6 | 6/22/2020 | JEFFERSON, aided and abetted by others, claimed that his sole proprietorship earned $50,000 in the twelve (12) months preceding January 31, 2020 on his loan application to the SBA. |
| 7 | 6/22/2020 | JEFFERSON, aided and abetted by others, claimed that he established his sole proprietorship on January 24, 2017, on his loan application to the SBA. |
| 8 | 6/22/2020 | JEFFERSON, aided and abetted by others, claimed that his sole proprietorship employed seven people on his loan application to the SBA. |

(In violation of Title 18, United States Code, Sections 1014 and 2.)

## COUNT NINE
(Bank Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about July 8, 2020, in the Eastern District of Virginia, BRENDEN EVERETTE-PIERRE JEFFERSON, the defendant herein, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, having devised the scheme and artifice described in Paragraphs 22 to 32 above and incorporated herein by reference, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud and to obtain the money, funds, credits, assets, and securities owned by and under the custody and control of Bayport Federal Credit Union, by means of materially false and fraudulent pretenses, representations, and promises, to wit: falsely representing he was the owner and operator of a barbershop, "Exclusive Cuts," and providing a fabricated Municipal Business Fee Receipt listing him as the owner/officer of the same business.

(In violation of Tile 18, United States Code, Section 1344 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Count One through Count Nine of this Indictment, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e.).

3. The property subject to forfeiture includes, but is not limited to, the following:

   a. A monetary judgment in an amount representing the proceeds the defendant obtained from the scheme alleged in this indictment.

   b. $13,856.46 seized from JEFFERSON's personal bank account with Bayport Credit Union (last four digits 4003).

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A); and Title 28, United States Code, Section 2461(c).)

UNITED STATES v. BRENDEN EVERETTE-PIERRE JEFFERSON
4:20-cr-64

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

REDACTED COPY

_____
F O R E P E R S O N

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
D. Mack Coleman
Assistant United States Attorney
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax:   (757) 591-0866
Email: mack.coleman@usdoj.gov